**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
--------------------------------x
UNITED STATES OF AMERICA        :    Crim. Nos. 3:00CR183(AWT)
                                :               3:02CR215(AWT)
v.                              :               3:02CR216(AWT)
                                :               3:02CR219(AWT)
ALEXEY IVANOV                   :               3:02CR220(AWT)
--------------------------------x
```

**ORDER OF RESTITUTION**

The court has considered the evidence presented by the government, the victims in these matters (both written submissions and other documents and the five victim interviews conducted by the court), and the defendant. Pursuant to 18 U.S.C. §§ 3663 and 3663A, and for the reasons set forth by the court at the hearing on June 30, 2004 and the reasons articulated by the government in its supplemental memorandum (Doc. # 243)), the court hereby orders that defendant Alexey V. Ivanov shall make restitution to the victims identified below in the following amounts:

| | |
|---|---:|
| Mark Stout/VPM Internet Service | $45,250.00 |
| Online Information Bureau | $17,500.00 |
| Financial Services, Inc. | $158,800.00 |
| E-Money | $14,099.30 |
| St. Clair School District | $2,197.38 |
| Speakeasy Network | $ 9,000.00 |
| PayPal | <u>$604,788.04</u> |
| Total: | $851,634.72 |

With respect to the $613,788.04 portion of the restitution that is due to victims Speakeasy Network and PayPal, the defendant's obligation is joint and several with the restitution obligation of defendant Vassily Gorshkov in United States v. Gorshkov, No. CR00-550C (W.D. Wa.).

The defendant shall, as a special condition of his supervised release, make monthly payments pursuant to this restitution order in the amount of 10 percent of his pre-tax income per month, subject to modification by the court should the defendant's financial condition change.

The defendant shall make checks payable to the order of the Clerk, U.S. District Court and checks shall be mailed to: Clerk's Office, U.S. District Court, 450 Main Street, Hartford, CT, 06103.  The defendant shall write docket number 3:00CR183(AWT) on each check sent to the Clerk's Office.

The Clerk shall distribute monies first to Mark Stout, Online Information Bureau, Financial Services, Inc., E-Money, Inc., and St. Clair Intermediate School District on a pro rata basis in accordance with the amounts the defendant is obligated to pay them, as set forth above, until each of those victims has been paid in full.  Then the Clerk shall forward monies received to Speakeasy Network and PayPal, on a pro rata basis in accordance with the amounts the defendant is obligated to pay them, as set forth above, until each of those victims has been

paid in full.

The Clerk's Office shall forward monies received to each victim at the address set forth below for that victim, or at such other address as might be specified by the U.S. Probation Office.

Upon receipt of any payments made hereunder, the Clerk's Office is directed to make payment based on the above apportionment at the following addresses:

Speakeasy
2222 2nd Avenue
Seattle, WA 98121
Tel. 206.728.9770
Fax: 206.728.1500
ATTN: Michael Apgar

Mark Stout
VPM Internet Services, Inc.
P.O. Box 6427
Folsom, CA 95763
(916) 983-9876 Office
(916) 983-4375 Fax

Online Information Bureau
309 Talcottville Rd 3
Vernon, CT 06066-4054
ATTN: Lancer Roberts

Financial Services, Inc.
21 Harristown Rd.
Glenrock, NJ 07452
Tel. 201-652-6000
ATTN: William Manning

E-Money, Inc.
9406 Amboy Rd.
Montgomery Village, MD 20886
ATTN: Jon Morgenstern

```
St. Clair Intermediate School District
499 Range Road
P.O. Box 5001
Port Huron, Michigan 48061-5001

PayPal
303 Bryant Street
Mountainview, California 94041
ATTN: John Kothanek
Security
```

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its inmate financial obligations programs.

As required by 18 U.S.C. § 3664, the court arrived at the figure and schedule for restitution payments after considering the amount of the loss sustained by the victims as a result of the defendant's offense, the defendant's financial resources, and the financial needs and earning ability of the defendant and any dependents.  The court has also considered the defendant's potential earning power.

In that the purpose of the restitution provision is to require restitution whenever possible, see <u>United States v. Porter</u>, 41 F.3d 68 (2d Cir. 1994); <u>United States v. Broyd</u>, 22 F.3d 441 (2d Cir. 1994), this restitution order is contingent upon the defendant's ability to pay, and the defendant shall make full and complete financial disclosure to the United States Probation Office on at least a quarterly basis during the defendant's period of supervised release.

The defendant shall notify the court and the government of

any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court notes that a victim, the government or the offender may petition the court at any time to modify this restitution order, as appropriate, in view of a change in the economic circumstances of the offender.

    This order binds only the defendant Alexey Ivanov and does not preclude any other individuals who claim an entitlement to restitution from seeking such restitution in another proceeding.

    It is so ordered.

    Dated this 25th day of January 2005, <u>nunc pro tunc</u>, July 1, 2004, at Hartford, Connecticut.

                                 _____/s/_____
                                    Alvin W. Thompson
                             United States District Judge