234

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. |
| v. : | 3:00CR183 (AWT) |
| : | |
| : | FILED EX PARTE |
| : | |
| ALEXEY V. IVANOV : | March 8, 2004 |

FILED MAR -9 A 10:01
U.S. DISTRICT COURT
HARTFORD, CT.

### DEFENDANT'S EX PARTE APPLICATION FOR SUBPOENAS TO BE SERVED OUTSIDE THE DISTRICT OF CONNECTICUT

Pursuant to 18 U.S.C. § 3664(e)(4) and Rule 17 of the Local Rules of Criminal Procedure, the Defendant, Alexey V. Ivanov, respectfully submits this Application for Subpoenas to be Served Outside the District of Connecticut ("Application"). Specifically, the Defendant seeks the issuance of subpoenas to the following victims who have, through the Government, submitted claims for restitution for which the Defendant has a good faith basis to question the factual and legal grounds for some or all of their claims:

Mark Stout
VPM Internet Services, Inc.
1568 Creekside Drive, Suite 106
Folsom, CA 95630
Tel: (916) 983-9876

William B. Manning
Financial Services, Inc.
21 Harristown Rd.
Glen Rock, NJ 07452
Tel: (201) 652-6000

Jon Morgenstern
E-Money, Inc.
9916 Shelburne Terrace
Gaithersburg, MD 20878-5322
Tel: (301) 519-0550

DENIED, as moot.
It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT    3/19/05

John Kothanek
PayPal, Inc.
303 Bryant Street
Mountain View, CA 94041
Tel: (402) 935-2000

Jeffrey Skilton (for OIB, Inc.)
Total Merchant Services
100 Elk Run Drive
Suite #225
Basalt, CO 81621
Tel: (888) 848-6825

To appear at:

United States District Court
450 Main Street
Hartford, CT 06103
South Courtroom
Wednesday, April 7, 2004, at 1:00 P.M.

Commanding them to produce in the aforementioned Court on or before **March 28, 2004**, the

document(s) or object(s) listed in Attachment A.

With the following note:

Upon service of this Subpoena, please contact:

Morgan Rueckert, Esq.
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8112
Mrueckert@goodwin.com

In support of this Application, the Defendant respectfully represents as follows:

1. In its Proposed Order of Restitution, dated September 26, 2003, the Government has proposed a restitution order of $929,986.68 and attached materials submitted by the victims purporting to support the claims for restitution.

2. The documents and testimony sought will provide evidence relevant and material to the issue of restitution and the production of such documents is reasonably necessary to the effective representation of the Defendant at the hearing on restitution.

3. Counsel anticipate that the testimony of Jon Morgenstern, John Kothanek and Jeffrey Skilton may be unnecessary after production of the requested documents.

4. The Defendant is unable to fairly assess or conduct a duly diligent review of the nature and extent of these claims based on the materials disclosed to Defendant.

                                    DEFENDANT,
                                    ALEXEY V. IVANOV

By_____
Morgan P. Rueckert
Federal Bar No. ct 19838
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901
Tel: (203) 324-8100
Fax: (203) 324-8199
MRueckert@goodwin.com

C. Thomas Furniss
Federal Bar No. ct 00028
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Tel: (860)527-2245
Fax: (860)241-1032
His Attorneys

-3-

**Attachment A**

**Definitions**

 A. The term "document" is used in the broadest possible sense to include anything that can be read, printed out, viewed, transcribed, scanned, translated, or interpreted.

 B. The term "concerning" means relating to, referring to, alluding to, responding to, in connection with, commenting on, about, regarding, announcing, explaining, discussing, showing, demonstrating, describing, studying, containing, reflecting, analyzing, or constituting.

 C. The term "employee" means any officer, director, owner, agent, employee, independent contractor, servant, or representative.

**Document Requests**

 For any restitution claimed by you in the matter of <u>United States v. Ivanov</u>, 3:00CR183 (AWT), produce the following:

1. Employee Time Claimed As Restitution

 A. For any employee time claimed as restitution, any and all documents concerning the name, position, and salary, hourly rate or other form of compensation of said employee at the time of the claimed loss;

 B. Payroll records and/or time sheets for any time claimed as restitution including documents that indicate whether the employee was paid regular time or overtime.

2. Consultant Fees Claimed As Restitution

 A. Any and all documents concerning any consultant whose services are claimed as restitution including but not limited to the consulting contract and any document generated by the consultant in connection with the work performed and claimed as restitution.

3. Hardware and/or Software Purchases Claimed As Restitution

 A. Any and all documents concerning any hardware and/or software purchased and claimed as restitution;

 B. Any and all documents concerning any proceeds from the sale of any hardware that was replaced by hardware claimed as restitution.

4.  Insurance and Tax Claims

   A.  Any and all documents concerning insurance claims submitted and/or paid to cover any losses claimed as restitution;

   B.  Any and all documents, including, without limitation, accounting records, balance sheets, and tax records concerning itemized losses claimed as restitution and/or concerning depreciation taken on state, local, and or federal tax returns concerning any loss claimed as restitution.

5.  ISP Costs Claimed As Restitution

   A.  Any and all documents concerning the nature and basis for any payments to Internet Service Providers that are claimed as restitution.

6.  Chargebacks

   A.  Any and all documents concerning a PayPal spreadsheet titled "Chargeback_with_ips" from the sheet named chargeback_outfile, particularly, said spreadsheet in digital format.

   B.  With respect to the spreadsheet titled "Chargeback_with_ips," any and all documents concerning the date and time the accounts listed on said spreadsheet were created, the dates and times of the transactions listed, and the identity of the person or entity to whom payment was made.